People v Caviness (2019 NY Slip Op 07494)





People v Caviness


2019 NY Slip Op 07494


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Friedman, J.P., Renwick, Kapnick, Gesmer, Kern, JJ.


4379/14 10110A 5030/14 10110

[*1] The People of the State of New York, Respondent,
v
Michael Caviness, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Amith Gupta of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Ellen Stanfield Friedman of counsel), for respondent.



Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered August 10, 2016, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of six years, unanimously affirmed. Judgment, same court and Justice, rendered August 10, 2016, as amended August 25, 2016, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a concurrent term of two to four years, unanimously reversed, as a matter of discretion in the interest of justice, and the indictment dismissed.
With respect to defendant's drug conviction, we find that the court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo , 41 NY2d 759, 761 [1977]). The hearing evidence established probable cause for defendant's arrest.
With respect to the weapon conviction, involving a gravity knife, the People, in the exercise of their broad prosecutorial discretion, have agreed that the indictment should be dismissed under the particular circumstances of the case and in light of recent legislation amending Penal Law § 265.01 to effectively decriminalize the simple possession of gravity knives, notwithstanding that this law does not apply retroactively. We agree, and we do not reach any other issues.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK